## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          Case No.: 8:16-CV02757-VMC-MAP

Plaintiff,

v.

MICHAEL V. BAYLESS

Defendant.

_____/

### DEFENDANT MICHAELV.BAYLESS
### OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Upon information and belief in the above-referenced paragraphs, granting Plaintiff's Motion for Summary Judgment prior to resolution of Defendants Motion to Dismiss, prior to Plaintiff providing the requested discovery and prior to resolving the disclosed issues of fact would be improper and premature as there are still clear issues of fact which preclude a proper summary judgment at this time, including the material and pertinent issue of whether Plaintiff has proper standing to bring this action.

### MEMORANDUM OF LAW

In the state of Florida, there is extensive established law that prevents summary judgment from being granted when there are outstanding issues of material fact. *Johnson v. Boca Raton Community Hosp., Inc.*, 985 So.2d 141, *Murphy v. Young Men's Christian Association of Lake Wales, Inc.*, 974 So.2d 565. **A "material fact," for summary judgment purposes, is a fact that is essential to the resolution of the legal questions raised in the case**, *Continental Concrete, Inc. v. Lakes at La Paz III Ltd. Partnership*, 758 So.2d 1214.

"Under the Florida state court procedure, the existence of *any* competent evidence creating an issue of fact, however credible or incredible, substantial or trivial, stops the inquiry and precludes summary judgment, so long as the "slightest doubt" is raised" West's Florida Practice Series, 4 Fla. Prac., Civil Procedure R. 1.510(2008-2009 ed.). *Dreggors v. Wausau Ins. Co.*, 995 So.2d 547, held that on a motion for summary judgment, unless and until material facts at issue presented to the trial court are so crystallized, conclusive, and compelling as to leave nothing for the court's determination but questions of law, those facts, as well as any defenses, must be submitted to the jury for resolution. *Christian v. Overstreet Paving Co.*, further explains that if the record reflects the existence of any genuine issue of material fact, or possibility of issue, or if the record raises *even the slightest doubt* that an issue may exist, summary judgment is improper, 679 So.2d 839.

In the summary judgment proceeding, the movant bears the burden at all times of clearly and unequivocally establishing right of summary judgment, and judgment may not be granted if any controverted issue of material facts exists or if proofs supporting

motion fail to overcome every theory upon which, under pleadings, adversary's position might be sustained, *Haley v. Harvey Building, Inc.,* 168 So.2d 330.

In the motion for summary judgment hearings, if there is any doubt about the possibility of material issues of fact, the doubt should be resolved in favor of the non-moving party. "If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, the doubt must be resolved against the moving party and summary judgment must be denied," *RNR Investments Ltd. Partnership v. Peoples First Community Bank,* 812 So.2d 561.

The mere fact that Defendant did not raise factual issues through affidavit in opposition prior to hearing on motion for summary judgment should not preclude Defendant from being able to assert those issues of fact at the hearing. The "mere fact that evidence concerning intent of parties is uncontroverted does not necessarily mean that there is no genuine issue as to this material fact, and that summary judgment is thus proper, if uncontroverted evidence is lawfully susceptible of two or more conflicting inferences," *Marshall v. Gawel,* 696 So.2d 937. **Existence of a reasonable inference contrary to that asserted by the non-moving party should not result in the entry of summary judgment, but rather should be left to the jury to determine whether a preponderance of the evidence supports the inferences suggested by the moving party,** *Corbitt v. Kuruvilla,* 745 So.2d 545. (even where facts are uncontroverted, summary judgment is not available if different inferences can be reasonably drawn from uncontroverted facts) *Albelo v. Southern Bell,* 682 So.2d 1126. A case which further establishes the standard for necessary documents in evidence is *Flaherty v. Metal Products Corp.,* 83 So.2d 9, which explains that "where there are numerous issues on questions of fact and nothing in record before court by way of deposition, affidavit, admission, or otherwise upon which court could have determined that answers in allegation, if a sufficient defense, were in fact true, court's order, even if construed as final summary judgment holding there was no issue of material fact, could not be sustained."

It is axiomatic that Summary Judgment may not be granted unless the moving party is able to show that no genuine issues of material fact exist. See *Holl v. Talcott,* 191 So. 2d 40, 43-44 (Fla. 1966); *Kemper v. First Nat'l Bank of Dayton, Ohio,* 277 So. 2d 804 (Fla. 3d DCA 1973). Where discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist. See *Singer v. Star,* 510 So. 2d 637, 639 (Fla. 4th DCA 1987). Thus, where discovery is still pending, the entry of Summary Judgment is premature. See *Smith v. Smith,* 734 So. 2d 1142, 1144 (Fla. 5th DCA 1999)("Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending."); *Henderson v. Reyes,* 702 So. 2d 616, 616 (Fla. 3d DCA 1997)(reversing the entry of Summary Judgment where depositions had not been completed and a request for the production of documents was outstanding.); Collazo v. Hupert, 693 So. 2d 631, 631 (Fla. 3d DCA 1997) (holding that a trial court should not entertain a motion for summary judgment while discovery is still pending); *Spradley v. Stick,* 622 So. 2d 610, 613 (Fla. 1st DCA 1993); *Singer v. Star,* 510 So. 2d 637 (Fla. 4th DCA 1987).

In ruling on a motion for summary judgment, the court is not to resolve conflicting issues of fact, but rather to determine whether any genuine issues of material fact exist, and if so, the court must deny the motion, *Trustees of Internal Imp. Trust Fund v. Lord*, 189 So.2d 534, see also *Jack Drury & Associates, Inc. v. City of Fort Lauderdale*, 203 So.2d 361.

"Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure, including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending. *See Sica v. Sam Calliendo Design, Inc., 623*

In short, as the court states in *Williams*, summary judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact, and if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted, *Williams v. City of Lake City*, 62 So.2d 732.

In addition to the issues raised by the Defendant's pending discovery and motion to dismiss, Defendant contends that the actual promissory note that is in the courts file is not the original and is a fraud. On December 16, 2016, Defendant viewed the document in the court file that is alleged to be the original note. Defendant does not recognize this document or the signature on this document. The Plaintiff has not produced any documents pertaining to the loan, payments made on loan, or Original contracts related to the loan. Additionally, Defendant is an expert at recognizing his signature. (Exhibit A, Affidavit of Defendant MICHAEL V. BAYLESS.

**WHEREFORE,** Defendant prays that this Honorable Court deny Plaintiff's Motion for Summary Judgment and for such other and further relief as this Honorable Court deems necessary and just.

Respectfully Submitted,

January 23, 2017

Michael V. Bayless Pro Se
12822 North Boulevard
Tampa, Florida 33612
(813) 962-0818

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, this 23ND day of January, 2017, to Becker & Poliakoff, 121 Alhambra Plaza, Suite 1000, Coral Gables, FL 33134.

Michael V. Bayless