```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 8:16-cv-2757-T-33MAP

MICHAEL V. BAYLESS,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff United States of America's Motion for Summary Judgment (Doc. # 12), filed on December 13, 2016. Defendant Michael V. Bayless filed a response on January 23, 2017. (Doc. # 14). For the reasons that follow, the Motion is granted.

**I.   Background**

Bayless obtained a student loan around February 12, 2001, which "was disbursed for $4,112.81 at 8.25% per annum on March 15, 2001." (Doc. # 12 at Ex. B). "The loan was made by the Department [of Education] under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended 20 U.S.C. [§] 1087a." (Id.). The Department of Education demanded payment according

to the terms of the note, and Bayless defaulted on the obligation on July 25, 2006. (Id.). Pursuant to 34 C.F.R. § 685.202(b), "a total of $1,299.44 in unpaid interest was capitalized and added to the principal balance." (Id.). "The Department has credited a total of $101.24 in payments from all sources, including Treasury Department offsets, if any, to the balance," making the total balance as of August 24, 2016, $10,199.41 ($5,399.00 in principal and $4,800.41 in interest). (Id.).

On September 26, 2016, the United States initiated this default of student loan action against Bayless. (Doc. # 1). Bayless then filed a motion to dismiss, arguing that "the complaint fails to state a claim against defendant upon which relief can be granted" and "that the court lacks jurisdiction because the amount actually in controversy is less than ten thousand dollars exclusive of interest and cost." (Doc. # 7). The Court denied the motion to dismiss on October 20, 2016. (Doc. # 8).

The Court entered its Case Management and Scheduling Order on October 24, 2016, setting a discovery deadline of December 31, 2016, and specifying: "Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. The Court may deny

2

as untimely all motions to compel filed after the discovery deadline." (Doc. # 9 at 3).

Bayless filed his Answer on November 4, 2016, stating:

> The Defendant admits to the allegation of owing monies to the plaintiff, but he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and 4 of the complaint.

(Doc. # 10). The third and fourth paragraphs of the Complaint describe the amount of the debt up to August 24, 2016, and state that "[d]emand has been made upon the Defendant for payment of the indebtedness, and the Defendant has neglected and refused to pay the same." (Doc. # 1 at 1-2).

Subsequently, the United States filed a motion for summary judgment on December 13, 2016. (Doc. # 12). The United States requests that the Court grant its Motion and impose a judgment in the amount of $11,344.41 ($5,399.00 of unpaid principal, $4,800.41 of unpaid interest as of August 24, 2016, a service fee of $45.00, and reasonable attorney's fees of $1,100.00), plus interest at the rate of 8.25% per annum on the unpaid principal to the date of this judgment. (Id. at 7).

Bayless filed a response in opposition to the Motion on January 23, 2017, arguing that the Motion should be denied because the United States had not yet complied with his

discovery request. (Doc. # 14 at 1). Bayless attached his "First Request for Production to Plaintiff" to the response, which states that it was mailed to the United States on December 22, 2016 — only nine days before the December 31, 2016, discovery deadline. (Doc. # 14-1).

Additionally, Bayless contends:

> That the actual promissory note that is in the courts file is not the original and is a fraud. On December 16, 2016, Defendant viewed the document in the court file that is alleged to be the original note. Defendant does not recognize this document or the signature on this document. The Plaintiff has not produced any documents pertaining to the loan, payments made on the loan, or Original contracts related to the loan. Additionally, Defendant is an expert at recognizing his signature.

(Doc. # 14 at 3). Bayless does not attach an affidavit or other evidence in support of his contention that the promissory note is a forgery.

On February 23, 2017, the Court directed the United States to respond to Bayless's assertion that his discovery request had not been answered. (Doc. # 15). The United States reported that it responded to Bayless's request on February 6, 2017, (Doc. # 16), and subsequently provided the Court with the discovery documents that it turned over to Bayless. (Doc. # 20).

4

The documents include a copy of the Certificate of Indebtedness and copies of collection letters sent by the United States' counsel between December of 2015 and February of 2016, before the initiation of this action. (Id. at 3-7). Those letters stated the amount of the debt owed up to that time and informed Bayless that he had "thirty (30) days after [he] receive[d] this letter to dispute the validity of the debt or any portion thereof." (Id. at 4-7). No responses to the letters were included in the documents.

The United States also turned over records of all communications with Bayless by telephone and letter, (Id. at 17-27), as well as records of payments on the loan. (Id. at 28-32). A document labeled "Debt Level Information Screen," reports that the debt owed as of November 15, 2010, was $7,627.56, representing $5,399 in principal and $2,228.56 in interest up to that date. (Id. at 28).

The Motion is now ripe for review.

**II.   Legal Standard**

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the

5

existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. Analysis

"In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case." United States v. Pelletier, No. 8:08-cv-2224-T-33EAJ, 2009 WL 800140, at *2 (M.D. Fla.

Mar. 24, 2009). "The burden then shifts to the borrower to establish that the amount is not due and owing. In the absence of such proof, summary judgment in favor of the claimant is appropriate." Id. (citing United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)).

The United States has established its prima facie case by providing a copy of the promissory note signed by Bayless, and the Certificate of Indebtedness, in which the United States' loan specialist states under penalty of perjury that the United States is the current owner and holder of the note and that Bayless defaulted on the note. United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013)("To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." (citation omitted)); see also United States v. Hennigan, No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729, at *7 (M.D. Fla. Apr. 30, 2015)("The Department may establish the *prima facie* elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury.").

Therefore, the burden is on Bayless to establish that he does not owe the loan amount described by the United States. "It is not sufficient for [Bayless] to merely allege non-

liability; rather, [he] must produce specific and concrete evidence of the nonexistence, payment, or discharge of the debt." Hennigan, 2015 WL 2084729, at *9.

### A. Further Discovery

Bayless's response complained that the United States had not yet responded to his discovery request, which was sent on December 22, 2016, after the filing of the Motion for Summary Judgment. (Doc. # 14 at 1). Although the response failed to comply with the requirements of Federal Rule of Civil Procedure 56(d), the Court construed the response as requesting that the Court either deny the Motion as premature or defer ruling until discovery had been completed. See Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). And, although Bayless's discovery request did not provide the United States enough time to respond before the passing of the discovery deadline, the Court ordered the United States to explain whether it had responded to the request and, if so, to file

9

the documents that were provided to Bayless. (Doc. ## 15, 17).

The United States served its response to the discovery request on February 6, 2017. (Doc. # 16). The Court has reviewed the documents, including: a copy of the Certificate of Indebtedness, copies of letters sent by the United States' counsel before this action was initiated, records of communications with Bayless by telephone or letter throughout the loan's history, and records from November of 2010 showing the loan balance at that time. (Doc. # 20). No other discovery requests are outstanding, and no motions to compel discovery are pending on the docket. Now that the additional documents requested by Bayless have been added to the record and the time for discovery has ended, the Court may turn to whether any genuine issue of material fact exists.

None of the documents in the record create a genuine issue of material fact, as none of the documents undermine the prima facie case the United States established through the promissory note and Certificate of Indebtedness. No document reveals an attempt by Bayless to refute the validity of the debt, as he attempts to do in his response to the Motion. Rather, the letters sent to Bayless between December of 2015 and February of 2016 by the United States' counsel

show that he was given the opportunity to contest the debt before the United States filed suit, but did not. (Doc. # 20 at 4-7). Furthermore, the records reveal that the same principal amount reported by the United States in this action, $5,399.00, was outstanding in November of 2010 and that numerous other letters regarding the loan have been sent to Bayless by the United States over the years. (Id. at 23-28).

### B. Original Documents

Bayless also complains that summary judgment should not be granted because the United States has not produced the original promissory note. But, "[t]he government did not have to produce the original promissory note in order to recover on the note because, as held in persuasive authority, the note is not a negotiable instrument subject to Florida's commercial paper law." United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013)(citations omitted); United States v. Geis, No. 13-80474-CIV-DIMITROULEAS, 2013 WL 12101145, at *1 (S.D. Fla. Sept. 4, 2013)("Defendant's 'defense' that Plaintiff failed to produce the signed bank documents is not a defense as the original note [for the student loan] is not a negotiable instrument and therefore need not be produced." (citation omitted)).

Additionally, Bayless's argument that the United States has not established its case because it "has not produced any documents pertaining to the loan, payments made on the loan, or Original contracts related to the loan" is unavailing. (Doc. # 14 at 3). First, the United States has now produced documents requested by Bayless. (Doc. # 20).

Second, to the extent these documents are not originals or other documents not in the record exist, they are not required for the United States to show that it is entitled to a judgment against Bayless. The United States needs to produce only the promissory note and Certificate of Indebtedness to establish its prima facie case, which it has done. See Hennigan, 2015 WL 2084729, at *7 ("The Department may establish the *prima facie* elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury."); see also United States v. Davis, 28 F. App'x 502, 503 (6th Cir. 2002)(affirming grant of summary judgment because the promissory note and certificate of indebtedness, certified by a loan analyst under penalty of perjury, established the United States' prima facie case)(citing Irby, 517 F.2d at 1043).

12

### C. Forgery

Finally, Bayless asserts that the promissory note attached to the Motion is a forgery. Bayless states that he does not recognize the signature on the note as his own. (Doc. # 14 at 3). Bayless does not provide any evidence that the signature is forged besides his own unsworn statement. But, as the United States has established its prima facie case, the burden is on Bayless to produce "specific and concrete evidence of the nonexistence, payment, or discharge of the debt." Hennigan, 2015 WL 2084729, at *9.

Although Bayless's response implies that he made an affidavit regarding his signature, no affidavit was attached to the response and Bayless has not filed it as a supplement in the time since. Thus, Bayless has not provided any statement made under penalty of perjury to support his claim of forgery. Cf. United States v. White, No. 5:08-CV-348-F, 2009 WL 3872342, at *3 (E.D.N.C. Nov. 18, 2009)(granting summary judgment where defendant failed to "proffer[] any sworn statement or statement made under penalty of perjury supporting" his belief that "forgery or other nefarious actions [were] at play" regarding his student loans).

Furthermore, the forgery allegation is contradicted by Bayless's Answer in which he "admits to the allegation of

13

owing monies to the plaintiff." (Doc. # 10). Nowhere in his Answer does Bayless question the validity of the promissory note, which the Certificate of Indebtedness attached to the Complaint states was signed on February 12, 2001. (Doc. # 1 at 3). If the promissory note signed on February 12, 2001, is a forgery, then Bayless would not owe the student loan debt alleged by the United States — the opposite of Bayless's admission in his Answer.

Because Bayless admitted earlier that he had incurred a loan obligation to the United States, he cannot now deny that obligation by simply asserting that someone else signed the promissory note. "It is well-settled law that admissions in an answer are deemed judicial admissions, binding on the party who makes them." <u>Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing</u>, No. 4:07-CV-189 (CDL), 2009 WL 3526648, at *3 (M.D. Ga. Oct. 23, 2009)(citing <u>Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.</u>, 713 F.2d 618, 621 (11th Cir. 1983); <u>Mo. Hous. Dev. Comm'n v. Brice</u>, 919 F.2d 1306, 1314 (8th Cir. 1990)). As the Eleventh Circuit has explained, "judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to

controvert them." Best Canvas Prods., 713 F.3d at 621 (quoting Hill v. Fed. Trade Comm'n, 124 F.2d 104, 106 (5th Cir. 1941)(internal quotation marks omitted)).

Bayless has not moved to amend his Answer. Nor would granting leave to amend the Answer be appropriate, even if Bayless had requested it, because requests to amend should be denied when they are "designed to avoid an impending adverse summary judgment." Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002)(citation omitted); see also Columbus Bank & Trust Co., 2009 WL 3526648, at *5 (denying motion to amend filed after plaintiff's motion for summary judgment by defendant "to rescue his defense by amending his Answer to exclude his damaging admission that he executed the Guaranty").

As no evidence could controvert Bayless's admission that he owes a debt to the United States, and, regardless, Bayless has presented no evidence beyond his own unsworn statement that the promissory note is a forgery, Bayless's allegation of forgery does not create a genuine issue of material fact as to the validity of the debt.

## IV. Conclusion

Because the United States has established a prima facie case and Bayless has failed to proffer any evidence creating

15

a genuine issue of material fact, the United States' Motion for Summary Judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion for Summary Judgment (Doc. # 12) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of the United States of America in the amount of $11,344.41 ($5,399.00 in principal, $4,800.41 in interest accrued through August 24, 2016, a $45.00 service fee, and $1,100.00 in attorney's fees), plus interest at the rate of 8.25% per annum on the unpaid principal to the date of this judgment and interest at the rate prescribed by 28 U.S.C. § 1961 from the date of judgment, for which sum let execution issue.

(3) Once Judgment has been entered, the Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of March, 2017.

                                             _____
                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE